Frank P. Maneri (9515)
Dilworth Paxson LLP
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Tel: (856) 675-1900
Email: fmaneri@dilworthlaw.com
Attorneys for Petitioners Morgan
Stanley Smith Barney LLC,
and Morgan Stanley Smith
Barney FA Notes Holdings LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------- x
MORGAN STANLEY SMITH BARNEY LLC, and
MORGAN STANLEY SMITH BARNEY
FA NOTES HOLDINGS LLC,

                                Petitioners,

     - against -

BARRY CONNELL,

                                Respondent.
-------------------------------------- x

Civil Action No. 2:17-cv-11701

**VERIFIED PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, respectfully petition this Court for confirmation of an arbitration award against Respondent Barry Connell and for entry of judgment against him in conformity with the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§9-13.  A copy of the arbitration award, dated November 1, 2017, is annexed hereto as Exhibit A.

**PARTIES, JURISDICTION AND VENUE**

1.    Morgan Stanley Smith Barney LLC ("MSSB") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York.  MSSB is a securities broker-dealer and a member of the Financial Industry Regulatory Authority, Inc. ("FINRA").

2. Morgan Stanley Smith Barney FA Notes Holdings LLC ("MSSB FA Notes") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York. MSSB and MSSB FA Notes will be referred to herein as "Morgan Stanley."

3. Neither MSSB nor MSSB FA Notes, nor any of their members or sub-members are citizens of the State of New Jersey. Petitioners MSSB and MSSB FA Notes, and all of their member and sub-members, are citizens of the State of Delaware and New York for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as evidenced by the following:

   a. MSSB and MSSB FA Notes have one member, Morgan Stanley Smith Barney Holdings LLC, a Delaware limited liability company with its principal place of business in New York;

   b. Morgan Stanley Smith Barney Holdings LLC's members are: (i) Morgan Stanley Commercial Financial Services LLC, a Delaware limited liability company with its principal place of business in New York; (ii) Morgan Stanley Domestic Holdings, Inc. ("MSDHI"), a Delaware corporation with its principal place of business in New York; and (iii) MS Gamma Holdings LLC, a Delaware limited liability company with its principal place of business in New York;

   c. The one member of MS Gamma Holdings LLC is Morgan Stanley International Holdings Inc., a Delaware corporation with its principal place of business in New York;

   d. Morgan Stanley International Holdings Inc. is a subsidiary of (i) Morgan Stanley International Inc., a Delaware corporation with its principal place of business in New York; (ii) MSDW Investment Holdings (US) LLC, a Delaware limited liability company with its principal

119845469_1

place of business in New York; and (iii) Morgan Stanley, a Delaware corporation with its principal place of business in New York;

  e. The one member of MSDW Investment Holdings (US) LLC is Morgan Stanley International Inc., a Delaware corporation with its principal place of business in New York;

  f. Morgan Stanley Commercial Financial Services LLC and Morgan Stanley Smith Barney Holdings LLC are subsidiaries of MSDHI;

  g. MSDHI is a wholly owned subsidiary of Morgan Stanley Capital Management, LLC, a Delaware limited liability company with its principal place of business in New York; and

  h. The one member of Morgan Stanley Capital Management, LLC is Morgan Stanley, a Delaware corporation with its principal place of business in New York.

  4. Each of the companies referred to above are organized under the laws of the State of Delaware and have their principal place of business in New York.

  5. Upon information and belief, Respondent Barry Connell ("Connell") is a citizen and resident of the State of New Jersey, whose last known address is 5 Ashland Terrace, Chester, New Jersey 07930. Connell is a former Morgan Stanley employee who borrowed money from it pursuant to various promissory notes that were the subject of the underlying arbitration. During his employment with Morgan Stanley, Connell worked in one of Morgan Stanley's offices located in Ridgewood, New Jersey and Pearl River, New York.

  6. Connell is the defendant in a criminal proceeding brought against him by the U.S. Attorney for fraud and embezzlement, which proceeding is pending in the U.S. District Court for the Southern District of New York (Case No. 1:17 cr-00116-RMB). Connell is currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York.

7. The arbitration award that is the subject of this action (Exhibit A hereto) arose from the contractual agreement to arbitrate contained in the promissory notes executed by Connell. The arbitration award was rendered pursuant to FINRA rules.

8. This court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. The application to this Court to confirm the arbitration award in question is being made pursuant 9 U.S.C. § 9, as no court was specified in the parties' arbitration agreement.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as this is the judicial district where Connell resides.

## STATEMENT OF FACTS

10. Connell was employed as a Financial Advisor by Morgan Stanley from May 28, 2008 until November 10, 2016. During his employment, Connell was an associated person of a member of FINRA who was governed by all of its rules and regulations.

11. During Connell's employment at Morgan Stanley, he borrowed over $3.5 million from Morgan Stanley, evidenced by four promissory notes, as follows:

a. On May 30, 2008, Connell executed a promissory note in favor of Morgan Stanley for $1,858,000, and agreed to make nine annual payments beginning May 30, 2009, plus interest, while he remained in the employ of Morgan Stanley ("Note 1," a copy of which is annexed hereto as Exhibit B.) Note 1 provides that if Connell's employment is terminated for any reason prior to repayment, the entire unpaid principal balance of the note, plus interest, would become immediately due and payable upon his termination.

b. On September 3, 2009, Connell executed a promissory note in favor of Morgan Stanley for $164,803.97, and agreed to make eight annual payments beginning September 3, 2010, plus interest, while he remained in the employ of Morgan Stanley ("Note

4

119845469_1

2," a copy of which is annexed hereto as Exhibit C.)  Note 2 provides that if Connell's employment is terminated for any reason prior to repayment, the entire unpaid principal balance of the note, plus interest, would become immediately due and payable upon his termination.

  c. On July 15, 2010, Connell executed a promissory note in favor of Morgan Stanley for $160,095.69, and agreed to make seven annual payments beginning July 15, 2011, plus interest, while he remained in the employ of Morgan Stanley ("Note 3," a copy of which is annexed hereto as Exhibit D.)  Note 3 provides that if Connell's employment is terminated for any reason prior to repayment, the entire unpaid principal balance of the note, plus interest, would become immediately due and payable upon his termination.

  d. On July 14, 2011, Connell executed a promissory note in favor of Morgan Stanley for $201,288.78, and agreed to make six annual payments beginning July 14, 2012, plus interest, while he remained in the employ of Morgan Stanley ("Note 4," a copy of which is annexed hereto as Exhibit E.)  Note 4 provides that if Connell's employment is terminated for any reason prior to repayment, the entire unpaid principal balance of the note, plus interest, would become immediately due and payable upon his termination.

  12. Each of the promissory notes contains a clause requiring that "[a]ny controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulatory Authority and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

  13. Connell's employment with Morgan Stanley terminated on November 10, 2016. Pursuant to the express terms of each of the notes, the unpaid balance on the notes

became immediately due and payable. The following amounts of principal and interest are currently due and owing on each of the promissory notes:

### Notes 1 – May 30, 2008 (Last Principal Payment Date – May 28, 2016)

| | |
|---|---|
| Principal Due | $206,111 |
| Interest @ 2.75% from May 29, 2016 – November 10, 2016 | $2,578 |
| Interest @ 2.75% from November 11, 2016 – October 31, 2017 | $5,513 |
| TOTAL | $214,202 |

### Notes 2 – September 3, 2009 (Last Principal Payment Date – September 1, 2016)

| | |
|---|---|
| Principal Due | $20,601 |
| Interest @ 3% from September 3, 2016 – November 10, 2016 | $119 |
| Interest @ 3% from November 11, 2016 – October 31, 2017 | $601 |
| TOTAL | $21,321 |

### Notes 3 – July 15, 2010 (Last Principal Payment Date – July 13, 2016)

| | |
|---|---|
| Principal Due | $22,871 |
| Interest @ 2.5% from July 14, 2016 – November 10, 2016 | $188 |
| Interest @ 2.5% from November 11, 2016 – October 31, 2017 | $556 |
| TOTAL | $23,615 |

### Notes 4 – July 14, 2011 (Last Principal Payment Date – July 12, 2016)

| | |
|---|---|
| Principal Due | $33,548 |
| Interest @ 2% from July 13, 2016 – November 10, 2016 | $222 |
| Interest @ 6% from November 11, 2016 – October 31, 2017 | $1,957 |
| TOTAL | $35,727 |

| | |
|---|---|
| **TOTAL OF ALL NOTES AS OF OCTOBER 31, 2017** | $294,865 |
| **INTEREST PER DAY ACCRUING AFTER OCTOBER 31, 2017**[1] | $24.30 |

14. The parties proceeded to arbitration before FINRA pursuant to the terms of the promissory notes. The Arbitration was conducted pursuant to the rules of FINRA.

---

[1] As noted in paragraph 19 below, Morgan Stanley is waiving per diem interest that accrues after October 31, 2017.

119845469_1

15. On or about November 1, 2017 the Arbitrator issued an arbitration award (the "Award;" Exhibit A hereto) against Connell and awarded Morgan Stanley the following:

"AWARD: The undersigned Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows:

1. For Note 1, Respondent is liable and shall pay to Claimants compensatory damages in the amount of $206,111.00, plus accrued interest of $2,578.00 to October 10, 2016, plus interest at the rate of 2.75% per annum from October 11, 2016 until such compensatory damages are paid in full.

2. For Note 2, Respondent is liable and shall pay to Claimants compensatory damages in the amount of $20,601.00, plus accrued interest of $119.00 to October 10, 2016, plus interest at the rate of 3.0% per annum from October 11, 2016 until such compensatory damages are paid in full.

3. For Note 3, Respondent is liable and shall pay to Claimants compensatory damages in the amount of $22,871.00, plus accrued interest of $188.00 to October 11, 2016, plus interest at the rate of 2.5% per annum from October 11, 2016 until such compensatory damages are paid in full.

4. For Note 4, Respondent is liable and shall pay to Claimants compensatory damages in the amount of $33,548.00, plus accrued interest of $222.00 to October 10, 2016, plus interest at the rate of 4.0% per annum from October 11, 2016 until such compensatory damages are paid in full.

5. Respondent is liable and shall pay to Claimants attorneys' fees in the amount of $7,002.50, pursuant to the terms of the promissory notes.

6. Respondent is liable for and shall pay to Claimants the sum of $1,300.00 to reimburse Claimants for the $1,000.00 non-refundable filing fee and the $300.00 paper decision fee previously paid to FINRA Office of Dispute Resolution.

7. Respondent is liable and shall pay to Claimants costs in the amount of $41.44.

8. All other relief requests are denied."

16. A true and correct copy of the Award is attached hereto as Exhibit A. All parties were served the Award (FINRA Dispute Resolution Case No. 16-01186) on or about November 1, 2017. See Exhibit A.

17. To date, Connell has not complied with the Award and has failed to pay any portion of the amount awarded to Morgan Stanley in the Award.

18. Pursuant to the last paragraph of the Notes, judgment upon the Award may be

entered by this Court. Furthermore, pursuant to 9 U.S.C. § 9, a party may petition the Court to confirm the Award.

19. Petitioners are entitled to confirmation of the Award and entry of judgment in conformity with the Award pursuant to §§ 9 and 13 of the FAA, as follows:

    (a) Total principal and interest owed on all four promissory notes through October 31, 2017 .......................$294,865

    (b) Attorneys' fees per the award .......................................................$7,002.50

    (c) FINRA fees per the award ............................................................$1,300.00

    (d) Costs per the award......................................................................$41.44

                    Total Judgment Amount .......................$303,208.94

To simplify entry of judgment, Morgan Stanley waives per diem interest accruing after October 31, 2017, and requests entry of judgment in the amount of $303,208.94.

WHEREFORE, Petitioners, Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, request the following:

    A. An order confirming the arbitration award against Barry Connell;

    B. Entry of judgment against Barry Connell in the amount of $303,208.94.

    C. Granting such other and further relief as the Court deems proper

Dated: Cherry Hill, New Jersey

    November 16, 2017

                                           Respectfully submitted,

                                           **Dilworth Paxson, LLP**

                                           By: s/ Frank P. Maneri
                                           Frank P. Maneri, Esq. (9515)

                                           *Attorneys for Petitioners*
                                           *Morgan Stanley Smith Barney LLC, and*
                                           *Morgan Stanley Smith Barney FA Notes*
                                           *Holdings LLC*

8

119845469_1

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding.

Dated: Cherry Hill, New Jersey

November 16, 2017

**Dilworth Paxson, LLP**

By: s/ Frank P. Maneri
Frank P. Maneri, Esq. (9515)

*Attorneys for Petitioners*
*Morgan Stanley Smith Barney LLC, and*
*Morgan Stanley Smith Barney FA Notes*
*Holdings LLC*

## VERIFICATION

STATE OF CALIFORNIA          ) ss.:
                             )
COUNTY OF SAN FRANCISCO      )

Wendy Robinson, being duly sworn, deposes and states as follows:

I am an Executive Director in the Legal and Compliance division of Petitioner Morgan Stanley Smith Barney LLC. I have read the annexed Verified Petition to Confirm Arbitration Award, know the contents thereof, and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon personal knowledge is based upon information contained in the corporate books and records of the Petitioner.

_____
Wendy Robinson

Sworn to before me this
15 day of November, 2017

_____
Notary Public

JENNIFER L. CRAWFORD
Commission # 2062533
Notary Public - California
San Francisco County
My Comm. Expires Apr 24, 2018

119845469_1